UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NEIL SCHAFFER and JIN SCHAFFER, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ELI LILLY AND COMPANY, ) <br> ) <br> Defendant. ) | Case No. 4:14-CV-01483-JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs Neil Shaffer and Jin Schaffer's Motion for Voluntary Dismissal Without Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(2) (Doc. 12). The Motion is fully briefed and ready for disposition. For the following reasons, Plaintiffs' Motion will be **GRANTED.**

### I. Background

On August 27, 2014, Plaintiffs, husband and wife, filed this civil action for products liability and damages against Defendant Eli Lilly and Company ("Eli Lilly") alleging injuries as a result of Plaintiff Neil Shaffer's use and subsequent cessation of the prescription drug Cymbalta (Doc. 1). Eli Lilly filed its answer to Plaintiffs' complaint on January 5, 2015 (Doc. 6). Before Eli Lilly filed its answer, plaintiffs in various Cymbalta cases filed a motion pursuant to 28 U.S.C. § 1407 to consolidate 25 actions, including this case, and establish a multidistrict litigation ("MDL") for pretrial purposes. On December 10, 2014, the Judicial Panel on Multidistrict Litigation denied the motion to establish an MDL and instead suggested that plaintiffs' counsels confer and coordinate informally.

Plaintiffs in the instant case now move to voluntarily dismiss this action without prejudice, so that they may refile it in the Southern District of Indiana, Eli Lilly's home state,

1

along with other Cymbalta cases against Eli Lilly. Plaintiffs argue that facilitating an "informal MDL" by dismissing this case without prejudice would not prejudice Eli Lilly, and would promote efficiency, convenience, and reduce duplicative costs.

In response, Eli Lilly argues that Plaintiffs have not met their burden for showing that the dismissal would not prejudice it, and that, in fact, Eli Lilly would be prejudiced by the dismissal of this case and subsequent refiling in Indiana because this could restrict Eli Lilly's ability to subpoena the physicians who prescribed Cymbalta to Neil Schaffer. Eli Lilly contends that Plaintiffs' motion is an attempt to circumvent the normal process of transferring venue under 28 U.S.C. § 1404, and that they should either file a motion to transfer venue under that statute or be restricted to their first choice of forum.

## II. Analysis

Federal Rule of Civil Procedure 41(a)(2) provides that after a defendant has served its answer, "an action may be dismissed at the plaintiff's request only by court order." FED. R. CIV. P. 41(a)(2). "'[A] dismissal pursuant to Rule 41(a)(2) is not one of right but is rather a matter for the discretion of the trial court.'" *Scherer v. Eli Lilly & Co.*, No. 4:14-CV-01484-AGF, 2015 WL 1246486, at *2 (E.D. Mo. Mar. 17, 2015) (quoting *Naunheim–Hipps v. Becton Dickinson & Co.*, No. 4:04CV1063 HEA, 2005 WL 1463487, at *1 (E.D. Mo. June 17, 2005)). In ruling on a motion for voluntary dismissal pursuant to Rule 41(a)(2), the Eighth Circuit directs the district court to consider the following factors: "whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." *Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 728 (8th Cir. 2014) (internal quotations omitted).

Here, the factors weigh in favor of granting voluntary dismissal. Plaintiffs have adequately explained that they seek dismissal so that they may refile all of their Cymbalta cases

2

in the Southern District of Indiana to better coordinate discovery, better manage protective and scheduling orders which may affect all of the Cymbalta cases, and more efficiently resolve each action. Plaintiffs' counsel has moved to transfer at least ten other Cymbalta cases against Eli Lilly to the same court corroborating Plaintiffs' purported reasons for desiring a voluntary dismissal. Furthermore, this is not a case in which Plaintiffs are attempting to defeat federal jurisdiction but instead are seeking dismissal of the case so that they may file it in another federal court. *Cf. Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1214 (8th Cir. 2011); *Cahalan v. Rohan*, 423 F.3d 815, 818 (8th Cir.2005).

The Court also finds that Eli Lilly will not be unduly prejudiced by this case being refiled in a different federal court. This case is in the early stages of litigation and no other dispositive motions have been filed. Eli Lilly asserts that moving this case may restrict its ability to subpoena key witnesses, specifically the physicians who prescribed Cymbalta to Plaintiff Neil Schaffer, because their offices are in Missouri. However, the federal rules of civil procedure provide avenues to use entire depositions at trial if these physicians cannot be persuaded to attend in person. FED. R. CIV. P. 32 (a)(4)(B).

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Voluntary Dismissal Without Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(2) (Doc. 12) is **GRANTED** and this case is **DISMISSED without prejudice.**

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 9th day of April, 2015.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

3